IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:04cr106/LAC
                                                          3:07cv186/LAC/MD

DARREN WAYNE EDEKER

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 43). The government has filed a response (doc. 45) and the defendant has filed a reply (doc. 47). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a single count indictment with possession of a firearm by a convicted felon on November 17, 2004. On December 13, 2004, the government filed an enhancement information in which it noted that the defendant was subject to the increased penalty provisions under 18 U.S.C. § 924(e) and 3559(c) because he had three or more prior felony convictions for a violent felony, a serious drug offense, or both. (Doc. 13). Defendant was represented by Robert Dennis of the office of the Federal Public Defender. The government filed a Statement of Facts for Use in Guilty Plea (doc. 15),

defendant signed a plea and cooperation agreement and was rearraigned on December 16, 2004. (Doc. 17, 32). He was sentenced to a term of 211 months imprisonment, at the mid-point of the applicable guidelines range. (Doc. 34 at 7). He filed a notice of appeal, and appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Eleventh Circuit found after an independent review of the record that there were no arguable issues of merit and affirmed defendant's sentence and conviction. (Doc. 41). The Supreme Court denied certiorari. (Doc. 42).

In the present motion, defendant contends that counsel was constitutionally ineffective for failing to object to the use of his prior state convictions to enhance his sentence, that defendant is entitled to the benefit of *Lopez v. Gonzalez*, decided after he was sentenced, and that the indictment was "structurally defective."

## II. LEGAL ANALYSIS

Defendant first contends that counsel was constitutionally ineffective because he failed to "notice" that defendant's state sentences were run consecutively,[1] that most of them were less than five years, and none met the statutory prerequisite of being violent offenses or serious drug offenses.

To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069. It is well established that counsel is not ineffective for failing to preserve or argue a meritless claim.

---

[1] The government notes in its response that although the defendant used the word "consecutively" he must have intended to use the word "concurrently," because the sentences for the burglary cases used to qualify him for the enhancement, (PSR ¶¶ 36, 37), were ordered to run "concurrent with the other cases." (See also, doc. 13, exh. A at 4).

*Case No: 3:04cr106/LAC; 3:07cv186/LAC/MD*

*See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

In this case counsel properly conceded at sentencing that the defendant had the requisite prior convictions to qualify him for sentencing under the Armed Career Criminal provisions of the Guidelines. (U.S.S.G. § 4B1.4). The Armed Career Criminal Act ("ACCA") provides for a fifteen year minimum mandatory term of imprisonment for a person who violates title 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1). In this case, defendant's sentence was enhanced by two burglary convictions and one conviction for escape. Each of these crimes was punishable, and was in fact punished by, a term exceeding one year as required by the definition of violent felony contained in § 924(e)(2)(B). (See PSR ¶¶ 35, 36, 37). The defendant's conviction for escape (PSR ¶ 35) qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) because it involves conduct that "presents a serious potential risk of physical injury to another." *United States v. Gay*, 251 F.3d 950, 953-54 (11th Cir. 2001) (citing cases). This same reasoning applies to its qualification as a crime of violence under the closely analogous § 924(e)(2)(B).

With respect to defendant's burglary convictions, § 924(e)(2)(B)(ii) specifically identifies burglary as falling under the definition of "violent felony," and the two burglary convictions used to enhance the defendant's sentence were burglaries of separate

residences committed in 1983. (PSR ¶¶ 36, 37). Although defendant attempts to argue in his reply that the burglaries in question were of "structures" rather than "dwellings," this position is not supported by the record. The PSR indicates that defendant burglarized the homes of two different individuals. Defendant did not dispute the facts underlying his prior convictions as set forth in the PSR and hence is deemed to have admitted them. *United States v. Bennett*, 472 F.3d 825, 833-834 (11th Cir. 2006) (citing cases).

Also in his reply, defendant relies on *United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995) in support of his claim that his burglary convictions are not "crimes of violence." Defendant's attempt to apply *Spell* to the facts of his case is misguided, as *Spell* addresses the similar, but not identical, provision of § 4B1.2(1) of the Sentencing Guidelines. This section provides definitions for terms used in § 4B1.1. A "crime of violence" is defined in relevant part in § 4B1.2(a)(2) as "burglary of a dwelling, arson or extortion, . . ." (emphasis added), while the analogous section of the ACCA, § 924(e)(2)(B)(ii), which applies to defendant's case, defines a crime of violence in pertinent part as "burglary, arson, or extortion . . ." without limitation or qualification on the kind of burglary. The two provisions further differ in that enhancement under § 4B1.1 requires only two prior convictions, while enhancement under the ACCA requires three. A defendant who is subject to an enhancement under § 924(e) is defined and sentenced as an armed career criminal under § 4B1.4 of the Sentencing Guidelines, which is separate from the provisions of § 4B1.1. Additionally, application note 1 to § 4B1.4 clearly states that the definition of the term "violent felony" is not the same in § 924(e) as it is in Guidelines § 4B1.1. Therefore, a burglary conviction that may not be used as an enhancement under § 4B1.1 may be used to subject a defendant to enhanced penalties under the ACCA. Furthermore, the fact that defendant pleaded guilty to the underlying state charges is irrelevant, because the lack of a jury trial on the underlying offense is not necessary to a finding that a conviction is a qualifying predicate conviction for purposes of § 924(e). *See United States v. Adams*, 91 F.3d 114, 116 (11th Cir. 1996) (citing *United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir.1992); *United States v. Garza*, 921 F.2d 59, 61 (5th Cir. 1991); *United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir.1994) (en banc); *United States v. Gallman*, 907 F.2d

639, 645 n. 7 (7th Cir.1990); *United States v. Taylor*, 932 F.2d 703, 708 (8th Cir. 1991);*United States v. Sweeten*, 933 F.2d 765, 769-71 (9th Cir.1991); *United States v. Strahl*, 958 F.2d 980, 983 (10th Cir.1992)).  And in any event, as noted above, the record supports a conclusion that defendant burglarized the homes or "dwellings" of the victims.  Accordingly, defendant's burglary convictions were properly used to enhance his sentence in this case, and counsel was not ineffective for his failure to object.

Defendant's second claim for relief, although not clearly articulated, purports to cite several Supreme Court cases that he believes apply to his case: *Sheppard*, *Bailey*, *Lopez v. Gonzalez*, *Cunningham v. California*, *Apprendi*, *Jones*, and *Booker*.  Defendant has failed to provide specific citations for the cases he references.  He also has failed to make specific arguments related to the holdings in the cases he cites, and he has not suggested why any arguments based on these cases were not brought to the court's attention previously.  However, based on the defendant's citation of *Apprendi*,[2] and *Cunningham v. California*,[3] the court surmises that defendant posits that the trial court enhanced his sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by him.  Such a claim is contradicted by the record.  Defendant admitted the fact of his prior convictions, and his sentence was not enhanced above the statutory maximum.  Furthermore, any such claim is procedurally barred.  A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *See Bousley v. United States,* 118 S.Ct. 1604, 1610 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"),  *cert*. *denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[3] 127 S.Ct. 856 (2007).

not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error or that he is "actually innocent." *Bousley,* 118 S.Ct. at 1611 (citations omitted); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004). In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. *Montano*, 398 F.3d at 1280 (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))). Defendant has failed to refute the government's contention that his argument is procedurally barred, and he is not entitled to relief.

Finally, defendant contends that the indictment was structurally defective because it did not set forth a basis for federal jurisdiction. He appears to argue that the federal government cannot use the commerce clause as a conduit for federal jurisdiction over weapons possession charges that did not take place on federal land. This claim is procedurally defaulted and also foreclosed by circuit precedent. In *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) the Eleventh Circuit upheld the constitutionality of section 922(g) because the government had demonstrated that the firearm possessed by the defendant had traveled in interstate commerce. 77 F.3d at 390; see also *United States v. Ballinger*, 395 F.3d 1218, 1242 (11th Cir. 2005); *United States v. Scott*, 263 F.3d 1270 (11th Cir. 2001). Thus, he is not entitled to relief on this claim.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 43) be DENIED.

At Pensacola, Florida, this 3rd day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).