UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.	Case Nos.	3:04cr106/LAC/CJK
		3:13cv457/LAC/CJK

**DARREN WAYNE EDEKER**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 51). Defendant has failed to submit the court approved form for § 2255 motions. Local Rule 5.1(J)(2) for the Northern District of Florida states that the court will not accept for consideration a motion pursuant to section 2255 unless the appropriate form is properly completed and filed. Here, however, because amendment would be futile, Defendant's motion is subject to summary dismissal. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 211 months imprisonment after his plea of guilty to unlawful transport of firearms (doc. 21). His conviction and sentence were affirmed on appeal (doc. 41). Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (docs. 43). The motion was denied in 2007 (*see* docs. 48–50). Defendant filed nothing further until he filed

the instant motion to vacate on August 12, 2013 (doc. 51), in which he claims that he is entitled to re-sentencing without the Armed Career Criminal enhancement based on the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant typically must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. Because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 51), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 22nd day of August, 2013.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:04cr106/LAC/CJK; 3:13cv457/LAC/CJK