IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:     3:04cr106/LAC/EMT
                                                              3:15cv364/LAC/EMT
DARREN WAYNE EDEKER,
Fed. Reg. No. 06015-017
_____/


## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 56).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court does not have jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant was charged in a single count indictment with possession of a firearm by a convicted felon on November 17, 2004 (doc. 1).  On December 13, 2004, the government filed an enhancement information in which it noted that Defendant was subject to an increased penalty under 18 U.S.C. § 924(e) because he had three or more prior convictions for a violent felony, a serious drug offense, or both (doc. 13).  Defendant entered a guilty plea and was ultimately sentenced to a term of 211-months imprisonment (docs. 15, 17, 21, 32, 34).  Defendant appealed, and appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  The Eleventh Circuit found no arguable issues of merit and affirmed Defendant's sentence and conviction (doc. 41).  The Supreme Court denied certiorari (doc. 42).

Defendant timely filed a § 2255 motion in 2007, which was denied without a hearing (docs. 43, 48–50).  In 2013, he filed a second motion to vacate, which was summarily denied and dismissed as successive (docs. 51–55).  There is no record evidence of an appeal.  Defendant has now filed a third motion to vacate in which he claims that he is entitled to relief pursuant to the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of Due Process due to vagueness.  Johnson, 135 S. Ct. 2563.  Defendant contends that he is entitled to re-sentencing, because at least one of the prior state convictions used to support the application of the ACCA enhancement in his case is no longer an appropriate predicate under Johnson.  Upon re-sentencing, Defendant contends, he will be entitled to immediate release (see doc. 56 at 13).

This court does not have jurisdiction to consider the merits of Defendant's motion.  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.  Moreover, this authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[1]

---

[1]  The court notes that the Eleventh Circuit recently denied a request pursuant to § 2255(h) for leave to file a second or successive motion to vacate based on Johnson.  See In re Rivero, No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 56), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of August, 2015.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

  Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.